NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAROL FERGUSON; LYNDA FREEMAN, on behalf of themselves and in addition, on behalf of others similarly situated, | No.   23-35562 |
| Plaintiffs-Appellants, | D.C. No. 3:18-cv-00372-SB |
| v. | MEMORANDUM[*] |
| MARIA SMITH, an individual; et al., | |
| Defendants-Appellees. | |

| | |
|---|---|
| CAROL FERGUSON; LYNDA FREEMAN, on behalf of themselves and in addition, on behalf of others similarly situated, | No.   23-35563 |
| Plaintiffs-Appellees, | D.C. No. 3:18-cv-00372-SB |
| v. | |
| MARIA SMITH, an individual; et al., | |
| Defendants-Appellants. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| CAROL FERGUSON; LYNDA FREEMAN, on behalf of themselves and, in addition, on behalf of others similarly situated,<br><br>      Plaintiffs - Appellees,<br><br> v.<br><br>MARIA SMITH, an individual; GLADSTONE AUTO, LLC, an Oregon limited liability company; CARROS, INC., an Oregon corporation,<br><br>      Defendants - Appellants. | No. 24-2407<br><br>D.C. No.<br>3:18-cv-00372-SB |

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Argued and Submitted August 20, 2025
Portland, Oregon

Before: CALLAHAN, M. SMITH, and MENDOZA, Circuit Judges.

This appeal began with a late pay dispute between two Oregon car dealerships and their employees. Carol Ferguson and Lynda Freeman sued on behalf of themselves and other employees of Gladstone Auto, LLC, doing business as Toyota of Gladstone, and Carros, Inc., doing business as Mazda of Gladstone. The plaintiffs alleged that the dealerships and their owner, Maria Smith, violated the Fair Labor Standards Act ("FLSA") and Oregon minimum wage and overtime laws by failing to pay them on certain paydays.

2

Both the plaintiffs and the defendants moved for summary judgment, and the district court granted and denied each of those motions in part. Shortly before trial, the district court granted the plaintiffs' motion in limine to bar statute-of-limitations defenses to their FLSA claims. A jury then found that the defendants had paid the plaintiffs late on four occasions and the court awarded damages, attorney's fees, costs, and expenses to the plaintiffs. Both parties now appeal.

1. The plaintiffs argue that the district court erred by granting summary judgment in the defendants' favor on their state law claims and request that this court certify the question of whether late salary payments constitute minimum wage violations under Oregon law to the Oregon Supreme Court. We "invoke the certification process only after careful consideration and do not do so lightly." *Murray v. BEJ Mins., LLC*, 924 F.3d 1070, 1072 (9th Cir. 2019) (quotation omitted). When deciding whether to certify a question to a state's highest court, we consider "(1) whether the question presents 'important public policy ramifications' yet unresolved by the state court; (2) whether the issue is new, substantial, and of broad application; (3) the state court's caseload; and (4) 'the spirit of comity and federalism.'" *Id.* (quoting *Kremen v. Cohen*, 325 F.3d 1035, 1037–38 (9th Cir. 2003)).

There is Oregon case law indicating that the plaintiffs' question is not entirely unresolved by Oregon state courts. In *North Marion School District No.*

*15 v. Acstar Insurance Company*, the Oregon Supreme Court noted "the legislature's policy choice to treat the failure to pay wages timely as a different problem than paying too low an hourly rate of wage" and found that "[t]he fact that the statutes are complementary and work together does not mean that this court can mix and match the obligations and remedies that they contain." 169 P.3d 1224, 1233 (Or. 2007). The majority also explained that failure to pay an employee on time amounts to a minimum wage violation under the FLSA, but "[t]he same is not true of our statutory scheme." *Id.* at 1234–35.

This case and others, such as *Hurger v. Hyatt Lake Resort, Inc.*, 13 P.3d 123 (Or. App. 2000), show Oregon courts' reluctance to conflate minimum wage and late pay laws. So there is substantial guidance for our analysis, even if no individual case is perfectly on point. This is also not a "new" issue—the minimum wage law at issue, ORS 653.055, is more than half a century old. Furthermore, this court intervening to create a new type of minimum wage violation that Oregon courts have not opted to recognize would undermine the principles of comity and federalism that inform our certification decisions. Therefore, we decline to certify this question to the Oregon Supreme Court.

2. On the merits, plaintiffs argue that we should find that the district court erred by granting summary judgment on their state law claims. We disagree. This court reviews a district court's summary judgment rulings de

novo. *See Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008). We must interpret Oregon laws "as would the Oregon Supreme Court." *Powell's Books, Inc. v. Kroger*, 622 F.3d 1202, 1209 (9th Cir. 2010) (quotation omitted) (cleaned up). To do so, we follow the existing case law discussed supra. These cases make clear that Oregon law addresses late payment and minimum wage violations separately. Following their guidance, we hold the same—late payments and minimum wage violations are separate. Therefore, we affirm the district court's grant of summary judgment on this issue.

3. The defendants ask that we reverse the district court's denial of their summary judgment motion against the plaintiffs' FLSA claims, arguing that the summary judgment record left no triable dispute of fact that they followed an established payday policy. But because the district court denied summary judgment on sufficiency-of-the-evidence grounds, we cannot and do not review that denial.

A district court's denial of summary judgment on sufficiency-of-the-evidence grounds is not reviewable on appeal after a trial. *See Dupree v. Younger*, 598 U.S. 729, 731 (2023). The fully developed trial record supersedes the record available at the summary judgment stage, rendering the court's assessment of the summary judgment record "ancient history" that is not subject to appeal. *Id.* at 734 (quoting *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d

815, 823–24 (7th Cir. 2016)). The defendants' argument is based on the court's assessment of the since-superseded summary judgment record, so we decline to address it.

4. The defendants also argue that the district court erred in finding that the emails exchanged between the parties constituted a tolling agreement. We do not reach the question of whether the parties' actions were enough to form a tolling agreement under Oregon contract law because, regardless, the defendants are equitably estopped from escaping the tolling agreement. We are guided by *Partlow v. Jewish Orphans' Home of Southern California*, in which this court found that the FLSA's statute of limitations can be subject to equitable modification. 645 F.2d 757, 760–61 (9th Cir. 1981), *abrogated on other grounds by Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989). In *Partlow*, we recognized that the equitable estoppel doctrine is intended to "preserv[e] the plaintiff's day in court despite defendant's wrongful conduct," but we concluded that "the actions of named plaintiffs' counsel" can also unjustly bar the plaintiffs' claims from being heard, and "[u]nder such circumstances, it would simply be improper to deprive the consenting employees of their right of action." *Id.*

Here, plaintiffs' counsel wrote "[w]e have a deal" in bolded red text immediately beneath the defendants' offer to "toll the FLSA claims" if the plaintiffs agreed to certain conditions. Then, the defendants were silent. To now

find that the plaintiffs' FLSA claims were not tolled would be just the sort of "unjust bar" that *Partlow* warned against. So we find that equitable tolling applies.

5.    The defendants also challenge the district court's award of $556,853.00 in attorney and paralegal fees to the plaintiffs. They argue that we should reverse the fee award because the district court refused to reduce the fee award in light of the plaintiffs' supposedly limited success. We find that the district court's decision not to reduce the fee award was well within its discretion.

We review a district court's award of attorney's fees for abuse of discretion. *See El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1072 (9th Cir. 2005). As such, we only reverse these awards when they are "based on an inaccurate view of the law or a clearly erroneous finding of fact." *Id.* (quotation omitted).

The district court acted within its discretion by applying the lodestar method. *See Stetson v. Grissom*, 821 F.3d 1157, 1165 (9th Cir. 2016). The district court's observations on the plaintiffs' success were part of its initial lodestar figure calculation, which carries a "strong presumption" of reasonableness. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (quotation omitted). Although the defendants disagree with the district court's evaluation of the results achieved by the plaintiffs, the court did not abuse its discretion by evincing an inaccurate view of the applicable law, making a clear factual error in its statement of the results, or

7

failing to consider the results altogether. So we affirm the district court's fee award.

**AFFIRMED.**